IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DALLAS K. POTTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-1284 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Judge Thomas A. Wiseman, Jr. |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff Dallas K. Potts' Motion for Judgment on the Administrative Record (Doc. No. 11) and supporting memorandum (Doc. No. 12) seeking judicial review of the Commissioner's denial of his claim for Social Security Disability Insurance Benefits ("DIB"). Specifically, Plaintiff seeks reversal of Commissioner's decision and a remand the matter for an award of benefits. Alternatively, Plaintiff requests that his case be remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) with instructions to evaluate properly the opinions of Plaintiff's medical sources.

The Court finds, for the reasons explained below, that the ALJ failed to apply the appropriate legal standards and that remand for further proceedings is required. Plaintiff's Motion for Judgment on the Administrative Record will therefore be granted, the Commissioner's decision reversed, and this matter remanded under the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

## I. PROCEDURAL HISTORY

Plaintiff filed a claim for DIB under Title II of the Social Security Act on December 22, 2003, alleging that he had been disabled since November 15, 2002 due to chronic back pain secondary to a back injury, a hiatal hernia, hypertension and osteopenia. (*See* Doc. No. 10, Certified Transcript of Administrative Record ("AR"), 19, 87, 102.) His application was denied initially, on April 23, 2004, and upon reconsideration, on October 22, 2004. (AR 33, 35, 37–39, 42–43.) Upon Plaintiff's request, an administrative hearing was conducted on May 23, 2006 before Administrative Law Judge ("ALJ") Donald E. Garrison, who issued his decision denying Plaintiff's claim on September 15, 2006. (AR 19–25.)

Plaintiff's request for review by the Appeals Council was denied on October 31, 2007 (AR 6–8), which rendered the ALJ's decision the final determination by the Commissioner that Plaintiff was not disabled at any time prior to the hearing. Plaintiff filed this action seeking review of that decision pursuant to 42 U.S.C. § 405(g).

## II.     THE ALJ'S DECISION

In his written decision issued September 15, 2006, the ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's lumbar compression fracture, myofascial pain syndrome and major depression are considered "severe" impairments, but are not of listing level severity.

3. The claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

4. The claimant has the following [sic] residual functional capacity for a limited range of light [work] as described above.

5. The claimant is unable to perform his past relevant work. 20 CFR 404.1565.

6. The claimant is 45 years old, described as a younger individual. The claimant has an eleventh grade education.

7. Transferability of skills is not an issue in this case. 20 CFR 404.1568.

8. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using the application of Medical-Vocational Rule 202.18 as a framework for decision-making, there is a significant number of jobs in the national economy that he could perform. Examples of such jobs include production assembler, machine operator, production inspector, assembler, inspector and general laborer.

9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 CFR 404.1520(g).

(AR 24.)

## III.    STANDARD OF REVIEW

Under the Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). This Court, therefore, is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). If substantial evidence supports the ALJ's conclusion and the ALJ applied the correct legal

standards, this Court cannot reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion. *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995). Conversely, however, the Court must reverse and remand for further findings if the ALJ applied incorrect legal standards, even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different. *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545, 546 (6th Cir. 2004). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantiality is based on the record taken as a whole. *See Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

When there has been a misapplication of the regulations or when there is not substantial evidence to support one of the ALJ's factual findings, the appropriate remedy is generally remand under sentence four of 42 U.S.C. § 405(g) for further consideration. *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994). Sentence four states in full: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.A. § 405(g).

## IV. ANALYSIS AND DISCUSSION

Plaintiff here makes two discrete contentions of error:

(1) that the Commissioner erroneously failed to articulate specific reasons for discrediting the medical opinion of Plaintiff's long-time treating physician, Dr. Scott Brown; and

(2) that the Commissioner erred in failing to explain why he was only selectively crediting the opinion of the state agency psychologist.

As discussed below, the Court finds both of these arguments to be meritorious. Moreover, because both involve the ALJ's failure to apply the appropriate legal standards, the Court has no need to provide an exhaustive account of the Plaintiff's medical record.

### A. Whether the ALJ Articulated Sufficient Reason for Rejecting the Opinion of Plaintiff's Treating Physician

It is well-settled that the ultimate issue of disability is reserved to the Commissioner. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994); *Harris v. Heckler*, 756 F.2d 431, 435

(6th Cir. 1985). However, the medical diagnosis of a treating physician is generally accorded substantial deference, and if uncontradicted, complete deference. *Shelman v. Heckler*, 821 F.2d 316, 320 (6th Cir. 1987). As the regulations provide, "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairments(s) and may bring a unique perspective to the medical evidence[.]" 20 C.F.R. § 404.1527(d)(2).

If the opinion of a treating physician is not accorded controlling weight, the ALJ must 'give good reasons' for reaching a different conclusion. *Id.* When citing "good reasons," the ALJ should consider the factors outlined in 20 C.F.R. § 404.1527(d)(2), "namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source[.]" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). This requirement is "an important procedural safeguard" ensuring that a claimant understands the disposition of his or her case. This safeguard is particularly critical in situations where the claimant's physician has indicated he is disabled, such that the claimant "might be especially bewildered when told by an administrative bureaucracy that [he] is not[.]" *Id.* (quoting *Snell v. Apfel*, 177 F.3d at 134 (2d Cir. 1999)). Moreover, the requirement that the ALJ provide "good reasons" also assists the Appeals Council and the federal courts in conduct a meaningful review. *Id.*

In the case at bar, treating physician Dr. Scott Brown completed a Medical Source Statement of Ability to Do Work-Related Activities in May 2006, in which he opined that Plaintiff could frequently lift less than ten pounds, occasionally lift ten pounds and never or rarely lift more than ten pounds; could stand/walk for less than two hours and sit for less than two hours in an eight-hour work day; was limited to no more than "frequent" use of his feet and legs; could never stoop and could only occasionally crouch. (AR 304.) In support of these assessments, Dr. Brown noted that Plaintiff had a history of two compression fractures in his lumbar spine; had documented Grade I spondylolisthesis at L5-S1 with mild right foraminal stenosis, and that his symptoms were "consistent with spondylolisthesis clinically and myofascial pain syndrome that has required trigger point injections to break his recurring pain/spasm cycle and chronic analgesics." (*Id.*) Dr. Brown further opined that Plaintiff did not have the mental and physical ability to complete an eight-hour workday in a competitive setting over a five-day, forty-hour

workweek on a consistent and sustained basis, and he estimated Plaintiff would need to be absent more than four days of work per month as a result of his impairments or medical treatment. He also estimated Plaintiff would need to take a half-hour break every one and a half hours if he attempted to work an eight-hour workday. Dr. Brown explained the basis for his opinion as to Plaintiff's ability to work on a sustained basis by stating: "His condition requires short bursts of sustained activity whereafter he must re-position to prevent the pain/spasm cycle that has plagued him for years." (AR 305.) Finally, Dr. Brown indicated that Plaintiff could only tolerate low-stress jobs, even with the above limitations. (*Id.*)

The ALJ chose not to accord controlling weight to Dr. Scott Brown's opinion, instead finding that the evidence in the record supported a denial of disability benefits. Plaintiff here argues that the ALJ did not give good reasons for this decision, as mandated by federal regulations. The Court agrees. In fact, the ALJ, after providing a summary of Dr. Brown's treatment notes and then of Dr. Brown's assessment of the plaintiff's ability to do work-related activities, described above, stated succinctly: "This opinion [*i.e.*, Dr. Brown's assessment] seems too restrictive given the medical evidence of record from the treating source." (AR 21.) The ALJ did not elaborate further other than to state, in a different section of his opinion: "The opinion of the treating source that the claimant could not even complete an eight-hour workday on a continuing basis is not consistent with the medical evidence when viewed in its entirety." (AR 22–23.)

In other words, the ALJ did not expressly consider all of the factors enumerated in 20 C.F.R. § 404.1527(d)(2), including "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion [or] the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). While he did consider one factor listed in the regulation, the consistency of the opinion with the record as a whole, he did not, in the context of considering the treating source's opinion, point to specific parts of the record he deemed to be inconsistent with the opinion regarding work-related activities. In his response to the Plaintiff's motion, the Commissioner does a fine job of pointing to all the parts of the record that could be construed as inconsistent with the treating source's opinion as well as to the evidence in the record generally supporting the ALJ's conclusion that Plaintiff is not disabled. As Plaintiff correctly argues in his reply brief in support of his motion before this Court, however, the fact that the Commissioner can

advance *post hoc* arguments in support of the ALJ's decision is immaterial. The Sixth Circuit has expressly held that where the ALJ fails to give "good reasons" for his rejection of a treating source's opinion, remand is required *even if substantial evidence* in the record otherwise supports the ALJ's decision. *Wilson*, 378 F.3d at 544.

In this case, the ALJ failed to give "good reasons" for his rejection of the treating source's opinion. His failure to comply with the Administration's own regulations warrants remand.

**B.     Whether the Commissioner Erred in Failing to Explain Why He Selectively Credited the Opinion of the State Agency Psychologist**

Dr. Bill Regan, a state agency consulting psychologist, completed a Mental Residual Functional Capacity Assessment on September 27, 2004 (AR 262–64) in which he opined that Plaintiff was moderately limited in his ability to understand and remember detailed instructions but not significantly limited in his ability to understand and remember very short and simple instructions. He also opined that he was moderately limited in the ability to carry out detailed instructions and in the ability to maintain attention and concentration for extended periods. (AR 262.) Further, Dr. Regan indicated Plaintiff was moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; moderately limited in the ability to interact appropriately with the general public; and moderately limited in the ability to respond appropriately to changes in the work setting. (AR 263.) He elaborated on his findings by stating, in the space allotted for a narrative description of the consultant's findings:

> Able to complete simple and low level detailed tasks.
>
> May have some but not substantial difficulty interacting effectively with the public. No problem with coworkers and supervisors.
>
> Can adapt to infrequent changes.

(AR 264.)

In his written opinion, the ALJ made reference to Dr. Regan's narrative summary but did not refer to or even mention the consultant's opinion that Plaintiff is moderately limited in his ability to maintain attention and concentration for extended periods, or the finding that Plaintiff is moderately limited in the ability to complete a normal workday or workweek without psychologically based interruptions. He did not

incorporate those findings into his final assessment of the Plaintiff's residual functional capacity ("RFC"), nor did he make any effort to explain why he disregarded or discredited those findings.

Instead, the ALJ stated, somewhat vaguely, that he accorded "[s]ignificant weight . . . to the consultative examiners [among whom Dr. Regan would presumably be included], whose opinions are well-supported by the medical evidence of record." (AR 23.) Purportedly based on those opinions, the ALJ found that Plaintiff had the RFC to perform a limited range of light work, and that he was able to understand, remember, and carry out only short and simple instructions and make judgments on simple work-related decisions, with occasional contact with the public. The ALJ asked the Vocational Expert who testified at the hearing on May 23, 2006 to identify jobs within the national economy that a person with the claimant's age, education and past relevant work experience, and with the RFC set forth above, could perform. The ALJ did not ask the VE to consider whether or to what extent moderate limitations on the ability to maintain attention and concentration for extended periods or to complete a normal workday or workweek without psychologically based interruptions might affect Plaintiff's ability to perform any of the jobs identified by the VE.

Social Security Ruling ("SSR") 96-8p (July 2, 1996) requires the ALJ to explain the basis for rejecting any medical opinions in the record conflicting with his RFC assessment, and to "explain how any material inconsistencies or ambiguities in the evidence in the record were considered and resolved." More specifically, the Ruling provides:

> The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

SSR 96-8p, 1996 WL 374184, at *7. Further, pursuant to the regulations, while ALJs "are not bound by any findings made by State agency medical or psychological consultants," such consultants are considered "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence." 20 C.F.R. § 404.1527(f)(2)(i). The regulations further specify that, "[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or

psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us." 20 C.F.R. § 404.1527(f)(2)(ii). In addition, SSR 96-6p clarified the administration's policy pertaining to ALJ's "consideration of findings of fact by State agency medical and psychological consultants and other program physicians and psychologists," stating in pertinent part:

> 1. Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) *must be treated as expert opinion evidence of nonexamining sources* at the administrative law judge and Appeals Council levels of administrative review.

> 2. Administrative law judges and the Appeals Council *may not ignore these opinions and must explain the weight given to these opinions in their decisions.*

SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996) (emphasis added)[1]; *cf. Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 245 n.4 (noting that SSR 96-6p "emphasized" "the importance of a non-examining source having a complete medical snapshot when reviewing a claimant's file").

Plaintiff asserts that the ALJ failed to comply with the above reference rulings and the case law interpreting them when he simply ignored, without comment, the agency consultant's opinion that conflicted with the ALJ's own conclusions and the RFC he adopted. The Commissioner, in response to the Plaintiff's contentions, argues only that the ALJ's "failure to mention all of the findings of Dr. Regan in the decision cannot be considered substantial evidence to defeat the decision of the ALJ, which is supported by substantial evidence." (Doc. No. 17, at 11.) Again, the Commissioner's response is beside the point. The issue is not whether substantial evidence in the record supports the ALJ's decision, but whether the ALJ applied the appropriate legal standards and complied with the Commissioners own rulings and regulations. Here, the ALJ purported to accord great weight to the agency consultants' opinions, but completely disregarded—indeed, ignored—that portion of one agency consultant's opinion that conflicted with the ALJ's conclusion. The ALJ did not address Dr. Regan's opinion that Plaintiff was "moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number

---

[1] Social Security Rulings include "statements of policy and interpretations which have been adopted but have not been published in the *Federal Register*." 20 CFR § 422.406(a)(4). "The [Commissioner] is bound by her own regulations and rulings until she changes them, even when the action under review is discretionary." *Pope v. Shalala*, 998 F.2d 473, 486 (7th Cir. 1993).

and length of rest periods," much less explain his reasons for disregarding that opinion. Because the ALJ disregarded the applicable regulations in considering the state agency consultants' opinions, remand on this basis is also warranted.

## V.      REMAND IS WARRANTED

Under Sentence Four of 42 U .S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Remand is appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Sec'y of Health & Humans Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). A judicial award of benefits rather than remand for rehearing may be warranted where the evidence of disability is overwhelming, or the evidence of a disability is strong while contrary evidence is weak. *See id.*

In the present case, where the record does not necessarily support a judicial award of benefits but the ALJ clearly failed to apply the correct legal standards, remand for rehearing is appropriate. On remand, the ALJ should re-evaluate the assessment of Plaintiff's treating physician and, if he again decides not to accord controlling weight to Dr. Brown's opinion, he must explain the reasons why not in accordance with the applicable regulations and the agency's interpretation thereof. In addition, unless he accords controlling weight to Dr. Brown's opinion, he must consider Dr. Regan's opinion in full, explain what parts of it he accepts or rejects and explain in the record his reasoning.

## V.      CONCLUSION

This case will be remanded to the Commissioner and the ALJ for further proceedings consistent with this opinion. An appropriate Order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge