IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DALLAS K. POTTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:07-cv-1284 |
| ) | |
| MICHAEL J. ASTRUE, ) | Judge Thomas A. Wiseman, Jr. |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is Plaintiff Dallas K. Potts' Motion for Judgment on the Administrative Record (Doc. No. 11) and supporting memorandum (Doc. No. 12) seeking judicial review of the Commissioner's denial of his claim for Social Security Disability Insurance Benefits ("DIB"). Specifically, Plaintiff seeks reversal of Commissioner's decision and a remand of the matter for an award of benefits. Alternatively, Plaintiff requests that his case be remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) with instructions to evaluate properly the opinions of Plaintiff's medical sources.

The prior referral of this case to the Magistrate Judge is hereby **WITHDRAWN**. Further, as explained in the accompanying Memorandum Opinion, the Court finds that the ALJ in this case failed to apply the appropriate legal standards, insofar as he (1) failed to articulate specific reasons for discrediting the medical opinion of Plaintiff's long-time treating physician, Dr. Scott Brown; and (2) failed to explain why he was only selectively crediting the opinion of the state agency psychologist, Dr. Bill Regan.

Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 11) is therefore **GRANTED**, the Commissioner's decision **REVERSED**, and this matter **REMANDED** under the fourth sentence of 42 U.S.C. § 405(g) for further proceedings to remedy the errors set forth above. Specifically, on remand, the ALJ should re-evaluate the assessment of Plaintiff's treating physician and, if he again decides not to accord controlling weight to Dr. Brown's opinion, he must explain the reasons why not in accordance with the applicable regulations and the agency's interpretation thereof. In addition, unless he

accords controlling weight to Dr. Brown's opinion, he must consider Dr. Regan's opinion in full, explain what parts of it he accepts or rejects and explain in the record his reasoning.

    It is so **ORDERED**.

                                                Thomas A. Wiseman, Jr.
                                                Senior U.S. District Judge